UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| APRIL BEESECKER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. |
| A.Y. MCDONALD MFG. CO., an Iowa Corporation, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, April Beesecker, by and through her attorneys, Katz Nowinski, P.C., and for her Complaint at Law against the Defendant, A.Y. McDonald Mfg. Co., states:

## COUNT I – FMLA RETALIATION

1. This court has subject matter jurisdiction pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et. seq*, and 28 U.S.C. § 1331.

2. April Beesecker, (hereinafter "Plaintiff" or "Beesecker") is and was a resident of Dickeyville, Grant County, State of Wisconsin, at all times relevant to this cause of action.

3. Defendant A.Y. McDonald Mfg. Co. (hereinafter "Defendant" or "A.Y. McDonald") is and was an Iowa corporation at all times relevant to this cause of action.

4. At all times relevant to this cause of action, Defendant A.Y. McDonald had its principal place of business in Dubuque, Iowa, with a location at which Plaintiff worked in Dubuque, Dubuque County, Iowa, in the Northern District of Iowa and all relevant incidents from which this cause of action arose occurred in the Northern District of Iowa; therefore, venue is proper.

1

5. Beesecker was employed by A.Y. McDonald for approximately 10 years, where she worked as a Customer Service Representative at Defendant's facility in Dubuque, Iowa.

6. Beesecker was an employee protected by FMLA and eligible for FMLA leave in that as of June 2022, she had worked more than 1,250 hours of service for A.Y. McDonald during the previous 12-month period and she had been continuously employed for more than 12 months by A.Y. McDonald.

7. Defendant at all relevant times employed over 50 persons within a 75-mile radius and therefore was an "employer" for purposes of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

8. During Beesecker's employment with A.Y. McDonald, Beesecker's mother had a serious health condition, a knee surgery, that required medical treatment and appointments for such health condition.

9. On or about May 25, 2022, Plaintiff applied for FMLA leave to provide care for a family member's serious health condition, specifically her mother's knee surgery.

10. On or about June 14, 2022, Defendant approved Plaintiff's request for FMLA, and specifically approved her for leave from June 20 or 21, 2022 through July 1, 2022, with a return date of July 5, 2022.

11. On July 5, 2022, Plaintiff's first day returning to work from her FMLA approved leave of absence, Defendant terminated Plaintiff.

12. The decision to terminate Plaintiff was based in part on her absences for her FMLA leave, as well as her taking of FMLA leave to provide care for a family member's serious health condition, specifically for her mother's knee surgery, a FMLA qualifying serious health condition.

13. Plaintiff was therefore terminated from her employment with Defendant for taking of FMLA leave to provide care for a family member's serious health condition, which leave is and was protected under the Family and Medical Leave Act.

14. Defendant retaliated against Plaintiff for exercising her rights under the Family and Medical Leave Act.

15. Defendant unlawfully discriminated and retaliated against Plaintiff's exercise of her rights to FMLA leave in violation of 29 U.S.C. § 2615(a) by discharging the Plaintiff on July 5, 2022 because of taking FMLA leave to provide care for a family member's serious health condition, specifically her mother's serious health condition (a knee surgery), and because of Plaintiff's time off work, all in violation of the FMLA.

16. As a proximate result of Defendant's violation(s) of the FMLA, Plaintiff is entitled to and seeks recovery of damages under 29 U.S.C. § 2617(a) equal to the amount of back wages that she lost from July 5, 2022 through the date of trial, an additional amount equal to the lost employment benefits including pension, retirement payments and health insurance coverage payments, interest on all amounts at the prevailing rate, liquidated damages equal to the amount of lost wages, salaries, employment benefits, and other compensatory damages and interest on that amount.

17. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to and seeks recovery of reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action.

18. Pursuant to 29 U.S.C. § 2617, Plaintiff is entitled to and seeks equitable relief in the nature of reinstatement and/or front pay.

WHEREFORE, Plaintiff April Beesecker hereby requests this court enter judgment in her favor and against Defendant A.Y. McDonald Mfg. Co. in a just and reasonable amount for

compensatory and liquidated damages, plus the costs of the action, and an amount equal to reasonable attorneys' fees and expert witness fees, and grant such other and further equitable relief as the court deems necessary and appropriate.

## Jury Demand

Plaintiff demands a jury trial as to all issues triable by jury.

                         APRIL BEESECKER, Plaintiff

                         By: /s/ John F. Doak

For:
KATZ NOWINSKI P.C.
Attorneys for Plaintiff
1000 - 36th Avenue
Moline, IL 61265-7126
Telephone: 309-797-3000
Fax: 309-797-2167
Email: jdoak@katzlawfirm.com